He may proceed. Thank you, Your Honor. May it please the Court, my name is James Todd Bennett, and I'm appearing on behalf of Amarjeet Singh, the appellate petitioner in this case. And I'd like to, with the leave of the Court, reserve 3 minutes of rebuttal time out of my 10 minutes of the allocated time under the order of the Court. At the outset, I think what I need to do is what needs to be done in this case is clarify exactly what the loss is that Mr. Singh complains of. There are two issues. Failure to file a timely petition for review by his first post-final order decisional counsel, Mr. Rai, who actually represented him at the lower level in the administrative proceeding. The second one is the loss of the voluntary departure rate, which was actually perfected, but then lost by virtue of the failure to file a timely petition for review. Those are the two essence of the due process loss of Fifth Amendment loss and deprivation here, both procedurally to the former, substantively to the latter. And now, it's axiomatic that court of appeals should be. Let me just ask you a practical question. I noticed somewhere in the briefing you said, well, what he really wants, even at the end of the day, would be a voluntary departure. Has that been discussed with the government? Have you had – has this case gone to mediation? No mediation on that issue, Your Honor. Thank you. It's axiomatic that the court of appeals should refrain from deciding constitutional questions unnecessarily under Gene v. Nelson, and I think in this case, clearly this case can be cited on nonconstitutional statutory grounds. If, in fact, all you want is voluntary departure, are we going to see this case again because you didn't ask for mediation to get voluntary departure? Well, Your Honor, what we'd really like to have is a remand back to the district court, make the findings, and ultimately, my request before the district court, if it's remanded, so remanded, would be to have a free hearing on the case. I take it, then, that if you got – if your client got voluntary departure today, he would not accept it. He wants to go back to court. Yes, sir. Then that's not really what you're after, voluntary departure. Yes, but it's a loss that he has lost. But if you got it back, you don't want it. If you got voluntary departure, you would not be satisfied, correct? As an alternative order only. If you went to mediation with the government and they said, all right, voluntary departure will be ordered, you would not accept that as a settlement of the case? As the sole formal relief, correct. Well, the difficulty with that is, as the sole form of relief, if he got voluntary departure, then you would like him to be able to stay and litigate his case. Is that the bottom line? Yes. Okay. Let's say that there is a narrow window in the statute under which he could have hevious relief for the failure to file, ineffective assistance counsel for failure to file a timely petition for review, which relates to what I call lawyer number two, Mr. Rye. If that were the case and he obtained that relief, would we need to address lawyer three and the other claims? That is, there are two different claims here. And I think if it's decided that he has relief as to the failure to file a timely petition for review and it's outside the scope of Real ID Act, then the bacchuri, the lawyer number three, as he's been designated here, I believe, excuse me, lawyer number two, rather, probably would no longer be an issue. It's very unclear what bacchuri is trying to do. He files successive motions to reopen. The first time, he seems to be trying to raise Rye's failure to file a timely petition for review, which is clearly outside the scope of the jurisdiction of the BIA, because the error and omission occurred after the expiration and the, excuse me, after the perfection of the final administrative order through failure to file a petition for review. The second time around, he attempts in sort of an inadequate sort of way to raise proceedings before the immigration judge as well. Well, let me just stop. It is, you know, it's a very confusing procedurally, although I think we have it in mind. I call lawyer number three, Mr. Bacchuri. You are lawyer number four in my count of his lawyers, okay? If you are correct that in effective assistance, a counsel falls outside of the Real ID Act restrictions, is there anything to prevent lawyer number five from arriving on the scene and saying that you, lawyer number four, didn't do a good enough job or whatever? And I'm not saying you didn't, but I'm just saying lawyer number five comes in and says, well, really, lawyer number four, even though he compounded all these additional errors, so now I would like to file a habeas because of lawyer number four. Is there anything to preclude that? You know, where does it end? Is there any time restriction on this, if you take it out of the Real ID Act? Can you file these ineffective assistance of counsel for each successive lawyer's claimed ineffective assistance? Our position would be this. If it falls outside of the scope of the Real ID Act, then the statutory rules under habeas applies. Successive filings of habeas would be the control or break on further successive habeas applications. In other words they don't apply up to now. I mean, the way they're written in the statute, when they talk about a State court or a United States court, we've said that the rules didn't apply. But your position would be they would apply, and that would be the check. Yes, because you can't, under the Federal habeas statute, you can't file a successive habeas claim unless it's grounds. There's criteria upon which you can bring it. You can certainly file a successive habeas, but whether they have jurisdiction to hear it depends on whether the issue's been raised before and if there was any reason why that claim wasn't brought before in the previous habeas action. So that would be essentially the break on you just simply go back to the traditional habeas procedural methodology. I'd ask a question. As of now, you don't believe you could file a motion to reopen before the Board? I don't believe so, Your Honor.  Under the facts of this case, I don't believe so. I understood that the Board had the power to provide equitable tolling. This is true. And under the case law in this circuit, equitable tolling, I believe, would apply if there is does now apply to counsel as well as legal representatives and so-called notarios. However, it does not apply short of an absence of fraud, as I understand, to current precedents. Now, unless you could show there was fraud on behalf of Bakiri or Rye, the equitable tolling principle both as the time and number would apply. The problem is Bakiri has already shot off all the bullets. So if the Board said we are not going to apply equitable tolling in these circumstances, you could petition this Court and this Court could reverse the Board and say equitable tolling does apply. So my question gets not so much to that as to this question. Why isn't that sufficient alternative? So that you don't need to have the problem that you've encountered in the district court. And there's no suspension. I'm sorry, Your Honor. And there's no suspension. The error in the case, insofar as Rye goes, arises after the final order. There's no jurisdiction by the BIA to hear that ineffective assistance claim. No jurisdiction? At all. Because the 30 days pass under 1252b1. You've got 30 days to file your petition for review. He fails to file. Ineffective assistance to counsel, 41 days later he says, oh, I'm going to file a petition for review. He files it. It's untimely. It's dismissed. It's untimely, but they can waive that by equitable tolling. True, but the problem is, is the error occurs outside of the time limit. It's no longer within the jurisdiction of the BIA. That's the problem. The BIA can't exercise jurisdiction over something that happens after there's an entry in the agreement. I'm asking for a motion to reopen. I mean, I am bringing an out-of-time motion to reopen. And it is necessarily out of time because I am challenging the lawyer's ineffective assistance with respect to filing a timely appeal. So if the BIA would rule on that and they would say yes or no, if they said no, then you would come to this Court on a petition for review, correct? I believe Bakuri was trying to do that, Lawyer No. 3. And I believe that's what he was attempting to do. But I still, our position would be that there is no jurisdiction whatsoever as to rise error or omission. I think they made that very clear. Kennedy, what do you mean there's no jurisdiction? Because it's untimely? Because he failed to file a petition for review, that's an issue that necessarily arises in habeas. It does not rise under the jurisdiction of the Board of Immigration Appeals. I don't get your lack of jurisdiction argument. You can always file a motion with the Board. They may say it's untimely, you should have brought it earlier, or for other reasons. I'm just trying to find out. It isn't as nice and clean-cut as going into the district court and saying give me habeas. But that's not the question. The question is do you have an alternative and that, therefore, your administrative remedy should be exhausted. And the untimeliness was caused by your pleading by ineffective assistance of counsel. Could not the Board then say because of the ineffective assistance of counsel, we are granting equitable estoppel, and, therefore, they could entertain the claim? And if they fail to do it, you can ask us to do it. So I'm just asking you to tell us why that isn't an appropriate avenue for you to get this claim that you're trying to raise through habeas to us through the usual process and procedure, through the equitable tolling route. Well, again, I would submit, Your Honor, that short of showing fraud on the part of the counsel, you can't get around the fact that the two statutorily permitted motions have already been used up. Number two, you would be reliant upon a sua sponte motion, which this Court would not have any jurisdiction for denial. So, therefore, dovetailing that back to any constitutional argument as to the Real I.D. Act, you'd be stuck with a form of relief that would be discretionary as opposed to the right to review under the Petition for Review procedure. And the sua sponte rules, I think, would preclude any kind of review should the Board say, no, we're not going to do this as a matter of discretion. In other words, the right to review becomes discretionary, and it's purely something that is subject to the decision of the administrator. Is your argument that it's available but inadequate, or is your argument that it is not available? I would say statutorily unavailable under the premise of this case. I'm sorry, I didn't get that. I'm sorry. Statutorily unavailable, and even if it were, it would be inadequate both as alternative arguments.  Sotomayor, your argument is that the discretionary rights for reopening, that it's a discretionary reopening, and the discretionary failure to reopen coming up to us would be one where we wouldn't have jurisdiction. Is that your argument? It was a denial of a sua sponte motion to reopen, yes, and that's what it would necessarily have to be at this time, considering the passage of time, because it's a complex case. I appreciate your argument, and we'll hear from the amicus. I'm going to give you some time for rebuttal. Thank you. Mr. Bennett. Thank you, Your Honor. May it please the Court, legalernt on behalf of the ACLU appearing as amicus. Maybe I think the best thing for me to do is just pick up on the conversation you were having with counsel why the motion to reopen is not an adequate substitute for habeas. I think there's a number of reasons. One is it is, in fact, discretionary, and there are numerical limitations, and there are time limitations. So the board would not actually have to look at it. Second of all, and they often don't, and I would just let you know. Excuse me, counsel. You said the board would not have to look at it, but the board could look at it. On occasion, they will, but the board has repeatedly said, and I just want to quote one, this board cannot remedy ineffective assistance of counsel in a court of appeals. Whatever remedy the respondent has should be pursued in another form in the federal court system. I think that makes sense because the ineffective assistance occurs after the board has issued its final order. But beyond that, there are a number of other problems with it. If the board says, as a matter of discretion, we're not going to exercise jurisdiction and we're going to deny the motion to reopen, it would come up to this court in a very different posture. It would come up as a discretionary determination that this court would not be able to review. Now, if this court were going to say, look We can't review it? If it came up strictly as a discretionary determination, you would probably be precluded from reviewing that unless you want Why are we precluded from reviewing a discretion earlier? We can always, any discretionary order is reviewable under abuse of discretion standard. Why do you say we wouldn't be able to do it under jurisdiction? There are jurisdictional bars now in 8 U.S.C. Section 1252 that would preclude this court from reviewing strictly discretionary determinations. That's true. We have no jurisdiction? Right. It's in the same as we have no jurisdiction under other discretionary determinations that the Attorney General does or doesn't make with respect to hardship or other things. Precisely, Your Honor. So the board would not only have to decide to look at it, they would then have to issue a nondiscretionary ruling and issue a ruling on the merits of the ineffective assistance before it could come up here. The other thing I would point out I think is fundamental is that this court's jurisdiction would then turn on the determinations, factual and otherwise, of an administrative body. You would be asking them to raise an ineffective assistance counsel claim that went to this court's jurisdiction and ask the board to make determinations. The board could essentially seal off your jurisdiction by making their determination purely discretionary or finding facts in a way that would make it almost impossible to succeed on the ineffective assistance claim. Could I just stop you there? Yes. I'd like to lay out two different ineffective assistance claims and ask you if you think they would be analyzed differently. If you have a Petitioner who goes through his hearing at the IJ level, appeals to the BIA, loses, comes to the court of appeals, they say there's substantial evidence to support it. Then at a later date, that Petitioner says, well, really the problem was my lawyer at the administrative proceeding level, and I'll tell you, you know, not only was there a conflict and fraud, the guy was just a loser, and I have an ineffective assistance counsel claim and I want to bring that now. So that's situation number one. So I'm challenging really my counsel at the administrative level. Situation two is the one we have here. If we just stick for a moment to the fact that there was an untimely petition to this Court, what, in your view, is the remedy or the avenue that the Petitioner would take in each of those two different scenarios? I mean, that's an important point, and I think it goes to the crux of our argument, that those two situations in our mind are very different. If I could take the second one first, which I think is this case, an untimely petition for review, I think that's the situation that I was talking about, and I think there, Dieringer has not been eliminated by a Real ID Act, and I think that is the remedy, because it's post-final order, ineffective assistance of counsel. In the first scenario, I would suggest that there are two problems, and it would be a very different remedy. First, I would think that that would have to be raised before the board, because you're complaining about ineffective assistance that occurred at the administrative level that they could have remedied, and you could have raised there. So you must raise it there. We have no problem with saying you must raise it there. And in your scenario, where they went all the way through the petition for review and didn't raise it, I would say they're probably precluded at this point, unless they're going to say that the same unless the same counsel represented them all the way through. But in That gets me to the statute, then, because we're kind of jumping back and forth between suspension clause and the statute, and if there were a way not to go to the suspension clause, of course, we shouldn't. So I keep reading the statute over and over. If you look at the question is whether a challenge to the lawyer filing a late petition for review is a petition for review of an order of removal, I mean, that's question number one. Right. What is your position on that? We don't believe it is. Now, what we would say is that this statute, by its terms and its overall structure and purpose, was designed to ensure that every claim that was raised before the agency  the merits of a removal order are challenged by a petition for review. What I think Deeringer recognized and what we would adhere to is that when you go to habeas, it's a very, very limited right. You can raise the ineffective assistance of counsel claim and say that you did not get effective assistance because there was an untimely petition for review that was unjustified. If the district court finds that there was ineffective assistance, he must remand to the board and let the board reissue a decision. The district court, in our view, could not reach the merits because that would be going to reviewing an order of removal. Here, what we have is. So the most you would get is to put you back on the time clock and then good lawyer number four, Mr. Bennett or someone else, would file a timely petition for review. Exactly. It would come up here and we would simply review what was. Exactly. Now, I want to make something clear to sort of an overarching point. In our view, the critical point is that this is a due process ineffective assistance claim and it would be reviewed somewhere. We are not against this court finding a way to review the ineffective assistance of claim by petition for review if that's the route you chose rather than continue Deeringer habeas. How would we do that? That's an alternative. I think you would do it by saying there's an exception to the 30-day limit for these types of claims to avoid the suspension cost problem. That would be a fallback. I only throw it in as a fallback. I think the proper way is to have continuity with this court's decisions pre- and post-real ID and continue Deeringer. We see nothing in the statute that specifically talks about a limited Deeringer type claim as opposed to challenging the merits of the removal order. And I think what that does, as you've rightly pointed out, is avoid the momentous constitutional questions. And let me just stress a couple of points. Let me ask another question under the statute. Looking at this subsection 9. B-9, Your Honor. B-9. I'm sorry. Yes, B-9 to be precise. The first part of the section which says you get a, basically you consolidate your questions for review, that existed before the Real ID Act, correct? Exactly. So then the Real ID Act just says, but we don't want to have any habeas on these questions of law and fact or such an order. If you read that, if you didn't have the Real ID Act, so you've got to take out the second part, is an ineffective assistance of counsel claim related to an untimely petition for review filing, why doesn't that arise from a proceeding brought to removal? Right. I think, Your Honor, it only would, if you read that language in a way of a but-for causation, but for the fact that you were put into an administrative proceeding, but for the fact that there was deportation order issued, then everything would relate to it. But I think this Court, like every other court, including the Supreme Court, has said that B-9 shouldn't be interpreted that broadly to mean but for the fact that you're in deportation proceedings, a claim wouldn't arise. If that were true, there would not be habeas corpus review of the case. Even before. Exactly. And there would not be habeas review of detention claims. But there's still, even post Real ID, everyone concedes, including the government, you can bring a habeas for purposes of challenging your detention. Well, if you read B-9 as broadly as you were suggesting, then that would be a but-for causation, but for your administrative proceeding, but for the government attempting to deport you, you would not be in detention. So I don't think it can be read that broadly. I think what B-9 was trying to do, based on the history of immigration law, was say, look, if you have an administrative proceeding, you need to raise all your claims there, and then all those claims need to be consolidated and brought in one petition for review challenging your removal order, that is, claims that could have or were brought in the administrative proceeding, because what people were doing is trying to parse their removal order prior to 1996 when B-9 was enacted and say, well, some claims don't exactly relate to the removal order, some claims do, even though they all were about the merits of the removal order. So I think that's what B-9 was trying to do. I don't think B-9 was saying anything about something that occurred post-final order, the ineffective assistance of counsel that occurred post-final order. I see that my time is up. If I could save it, unless there are questions. Let me ask a question. Go back up to Job, the situation with Attorney Job. How soon after the board's finishing with that item can the Petitioner logically be considered to have at least an understanding of the difficulty that Job had got him into? Right. I think that that's a good question, Your Honor. I think it goes to the two types of scenarios that were laid out before. I think that that kind of ineffective assistance went to something that was occurring in the administrative proceeding. It should have been raised by the second law, the first law. I mean, I'm sort of mixed up now on which the law is. The second, third, fourth should have been raised in the administrative proceedings and then could have been raised in a timely petition for review had there been one. So that is the kind of ineffective assistance that I think does need to be raised in the administrative proceeding and then brought by a timely petition for review. What I'm concerned about is strictly ineffective assistance that occurs after the board's proceedings. Concluded. Exactly, Your Honor. And it's quite obvious that some solution has to be achieved. You can't have the 32nd lawyer talking about the 31st lawyer. And so how do we go about that? Is when we get through with your package approach, why wouldn't we have someone saying the habeas corpus was ineffective? Right. Yeah. Let me address that, because I know the Court is concerned about that, and I think you're right to be concerned about it. In our view, the strict sort of interpretation of 2241 in the criminal context would not necessarily apply wholesale in the immigration context. But, and I think this is a critical but, there are ways, prudential ways that the district courts can say, look, you know, you can't come back here 20 years later. I don't see any reason why the district courts in this Court can't lay down prudential rules that stop that kind of thing. The other thing about successive petitions is you would never be able to raise the same claim against the same lawyer. And I think ultimately if it got too divorced from the administrative proceedings, you would not be able to do it. But we recognize that as an issue. I think too long a delay in finding a new lawyer or a variety of other concerns that may arise, this Court can certainly lay down prudential concerns, prudential requirements. The alternative to that would be to find some way of keeping it in an administrative procedure. After all, what we're talking about is a person who's, who has suffered a difficulty, but it deals with whether or not they'll stay in the country. The alternative would be a way of finding it back into the administrative process and then to the court of appeal. Right. And, Your Honor, let me say two things about that, because I think, you know, you are raising a very important point. The first is I would say that it does deal with someone who's being kicked out of the country. So in that broad sense, it deals with immigration. But it also deals with something equally fundamental, and that's this Court's jurisdiction. Not necessarily allowing an administrative body to control this Court's jurisdiction. Having said that, having said that, there is nothing wrong, if you were able to dictate, and I don't think that you would be able to do it in this posture, dictate to the Attorney General, you must set up an administrative proceeding that is going to review on the merits ineffective assistance claims that occur after the final order that have to do with an untimely petition for review. The board were going to rule on that, on the merits, and then you could bring it to petition for review. That would not necessarily be the worst thing as long as the board didn't strictly control your jurisdiction and you could review those de novo. But at the moment, the regulations do not permit that. The government has conceded that it's iffy whether the board will rule on it. It's up to the board completely. The board has said that they don't really think this is their purview. Sometimes they do, sometimes they don't. Ginsburg. But you're talking really now just about the court of appeals jurisdiction. And when Judge Wallace started, he was talking about the problem with the Joe office. So when that goes through, as it did, you know, goes through, and then they decide after the court of appeals makes an adverse determination that there was ineffective assistance at counsel, is the remedy then to petition to reopen before the board makes an adverse determination to reopen? I think it probably – I guess, you know, let me just back up, because I am getting a little bit confused at the moment. Well, let me just say, it's scenario number one. Right. I think just – if I could just sort of talk conceptually, I think that any ineffective assistance that occurred during the administrative proceedings, like the Jobe ineffective assistance or some of the other ineffective assistance, not filing a timely appeal to the board, not putting on witnesses, all that I would say conceptually can be wrapped up into one box, and you would bring that in an administrative proceeding, and you would have to bring that by a timely petition for review. And then if that didn't happen, a motion to reopen would be proper. I am strictly limiting my argument. I understand. So I think there's nothing wrong with you carving that line. What I'm asking you about that, though, is because, in part, the answer to that question colors the answer to this question, depending on how you read this statute. And so that's why scenario number one becomes important, because we have to figure out not only what happens in scenario number one, but also scenario number two. And then if we figure it out, there were relief in number two, how to avoid the issue Judge Wallace raised, which is, will your number 32? That's why they pay you the big money. Right. You know, I actually think, and I don't think, I mean, Mr. Bennett can correct me if I'm wrong on rebuttal. I actually think that what's important for this Court, I mean, not just for this case, but, you know, sort of looking broader, because I'm seeing what's happening with a lot of confusion out there, is for this Court to announce where people bring an untimely petition for review claim and where people bring ineffective assistance that went to the board. And maybe the proper thing is to, on remand for Judge Breyer below, to sort out the different ineffective assistance, but that you, to decide whether Dieringer habeas still exists for post-order. And if he decides that some of it didn't go to post-order, was part of the administrative proceeding, he can deal with that, and maybe some of that's going to be dismissed or not. But I think what Mr. Bennett was saying, ultimately, in response to your question, Judge Wallace, is that ultimately what he's looking for is the core of what's going on is the failure to file a timely petition for review. The board reissue a decision, and then he gets to argue win or lose his asylum claim, and I guess the voluntary departure would be wrapped up in that. Thank you. Thank you. Maybe we ought to send it to his older brother. Your Honors, let me point out one critical fact before I get into the questions that you've been asking, and that is that in this case, the Petitioner, represented by Counsel Bakari, I believe, was able to file a motion to reopen before the board, was able to present the claim against Mr. Rye that he failed to file a timely petition for review. That claim was heard by the board. The board rejected it because the merits, because the Petitioner failed to meet matter of Lizada. Mr. Bakari then filed a petition for review to this Court, which the Court rejected on the merits, finding that there was no substantial question raised. Right. But here's the problem I have with that, is that now we have a situation where he should have gone through the hoops of Lizada. So we've got that's all true what the Ninth Circuit did, but now we have a post-Ninth Circuit problem, which is that he, that lawyer may have been ineffective for not doing the right thing in raising things with the board so that it could be heard by this Court. So it never ends is what I'm saying, is that he doesn't, his situation or his intervention doesn't solve the problem that we have. As I understand it, though, the Petitioner's counsel, Bakari, did file and attach at the end of our brief a petition for review to this Court, a 35-page brief, actually, setting out the claims of an effective systems counsel. This Court could have looked at that claim. In fact, it did and rejected it, but it could have found that there had been some sort of violation and remanded to the board to whether it found that it disagreed with its Lizada analysis, whether it found for other reasons that the case should have been remanded, the Court could have done that. And so my point is that I think the avenue of presenting the claim for the administrative agency and then on a petition to the, to this Court is a viable one. I would point at that. Ginsburg. Let's go back to the narrow issue of the timeliness of a petition to this Court. So if you say what he should get, an appeal on the merits of his BIA I.J. proceeding. But unfortunately, he has a lawyer who either doesn't read his mail or whatever. So he doesn't file in time. What is the remedy for ineffective assistance of counsel against that lawyer, the guy who didn't file in the court of appeals in time? And let me just add to that. This appears, I call lawyer number three, and you say if our court looks at it, feels he's inadequate, we could remand it. Then you're asking this Court to decide whether lawyer number three is ineffective. Is that what you're suggesting? No. I was, I was specifically alluding to the fact that lawyer number three raised these claims to the board. This Court then heard them on the petition for review, and it could have addressed the claims against lawyer number two. Lawyer number three, the claims against lawyer number three were not even in play at that time. That would have been another proceeding that would have had to be made. That was a mainline question. And, and Your Honors are rightly to be concerned about the successive complaints against ineffective counsel. However, our point is if there's a place that that has to be heard, and we don't think it does, because our brief sets out arguments why we think that there is no ineffective, right to effective assistance of counsel under the Fifth Amendment. But if it does have to be heard, we think it should be heard through the agency and to the, to the court. Okay. So let's take the very narrow situation. It's gone through the BIA, you have 30 days, the lawyer busts the deadline, and then they come back and they say, well, that was ineffective assistance of counsel. The guy ought to at least get to come to the court of appeals once. Right. How now, having been through the BIA, being outside of the statutory timelines for reopening, how is ineffective assistance of counsel addressed? We, we think, Your Honor, that it can be addressed through a motion to reopen with the board. I, I quote from, in fact, the Dieringer decision in footnote four, a claim of ineffective assistance of counsel occurring after the BIA has ruled may be raised with the BIA by a filing, by filing a motion to reopen. This court hears claims all the time that have been raised through a motion to reopen, and the board has denied the claim, and then this court has provided a remedy. I can point you to the Lopez case, the Sokup-Gonzalez case, the Ravy-Gonzalez case. All those cases are cases where the court applied the concept of equitable tolling to toll the time. Now, now, if the board. Let me just ask counsel, our standard of review would be different than it would be if the direct filing were made. It would be abuse of discretion as opposed to de novo. Is that correct? Your Honor, the motions to reopen, denials of motions to reopen in general are governed by the abuse of discretion standard. However, the court has looked, if there's a legal question involved in the underlying basis of the board's decision, in those cases that the court addressed applying the principle of equitable tolling, it was not finding that the board's decision was unreviewable because it presented a discretionary issue. It was looking at the claim of ineffective systems of counsel, and it was applying the principle of equitable tolling to toll the untimely or numerically barred motion to reopen. And it's done this time and time again. Does the, under the rules, does the BIA have any obligation to rule on an out-of-time motion to reopen? Your Honor, it does not. So it. You can just be there in limbo, in which case you would never get to come to our court. No, that's not true. We can deny it for untimeliness or if it's numerically barred. But again, we. But it could be nothing, too. Well, it would rule. It would have to rule on the motion. The motion to reopen is filed before it. It would, in its discretion, it would have discretion to rule on the motion. It wouldn't sit there in limbo. It wouldn't sit there in limbo. For years and years, no. It would. It would either be denied or granted? That's right. Okay. And what has happened, and we cite the case on our briefs, is that where there's a numerically barred motion to reopen or untimely motion to reopen that's been denied for that reason, there's several cases in the circuit which have reversed and looked at the underlying ineffective systems of counsel claim. We do think, Your Honors, that that really is the intent of Congress. We think Congress, through the passage of the REAL ID Act, clearly meant to foreclose review of these types of claims, that these do challenge either removal orders or, at the very least, as Your Honor pointed out, under 8 U.S.C. 1252 B-9, they are a removal-related type of claim. I would point out that ---- Mr. Counsel, could you refer me to the legislative history which supports the statement you just made? As I was reading the legislative history, it appeared that Congress was intending to preserve claims of this type, and you just said the contrary. Could you just direct me to the record, if you can? Well, there's no legislative history specifically on ineffective systems claims. But these types of ---- On the REAL ID Act. Yes, that's true. But these types of claims, Your Honor, have been traditionally heard through the agency and then in a ---- I understand that. ---- judicial review of final order of removal in the courts of appeals. That has been consistently the case where that's ---- As I read the legislative history, it seemed to me that Congress had the intent to preserve and not deny claims that would otherwise have been viable. And the effect of what you're asking for would be to deny these claims. The only ---- the only part of the legislative history that specifically says that There's no other claims like these claims that are ---- that are cut out, category carved out, still in habeas, only detention claims. And so what Congress clearly was intending to do was to treat these claims as well. These are challenges to the removal order. We believe that what's happening in this case is that the Petitioner is seeking to enjoin the removal order. That's what he did in district court. He ran into district court asking the district court to enjoin the removal order. He was clearly seeking review of the removal order. If he seeks the reissuance of a decision of the BIA's removal order, clearly that is a challenge, a attack against the removal order. The district court in this case ---- Let's go back in time, though. Look at B-9 before they added the except and kicked out habeas. Would you agree that typically these ineffective assistance of counsel claims for failure to file a timely petition or for review, that those were processed under habeas petitions without any ---- I mean, some went back to the BIA, but some were processed under habeas, correct? Well, before Real IT, of course, under Dieringer, they were. Right. Okay. That's right. But so there's my question, is that you still had subsection B-9 without the except clause, and if you are correct that this particular narrow issue arises from a proceeding brought to remove an alien, why then would there be any habeas on that point even before Real ID if that's the interpretation of the language? Because Congress didn't explicitly mention 2241. That's exactly what the Real ID Act is. Plugged expressly 28 U.C. 2241 into each of these jurisdictional provisions, thereby fulfilling the Supreme Court's mandate in St. Cyr. And so that's precisely exactly why it ---- otherwise that provision, Your Honor, is rendered nullity, that addition. What else would it cover? It certainly is not covering removal orders. Of course, it's covering something in addition, broader than removal orders. There's other provisions in the Real ID Act which specifically preclude review of removal orders, such as 8 U.S.C. 1252A-5. Congress must have meant to add something in addition here by providing the specific jurisdictional bar referencing 28 U.S.C. 2241. And so, you know, for that reason as well, I think it would really be slicing, pardon me, the baloney a little thing to say that these claims are not challenging removal orders. Because what's the essence of the ---- I mean, if it's not challenging a removal order or a removal-related claim, you know, why can't the government move, deport the Petitioner? It's exactly what happened in the district court, exactly. He ran into the district court seeking. But in the district court, he's asking two things. One, he's asking for a stay of his removal order. That, to me, seems like that may well be a review of a removal order. That's different from saying, because my counsel was ineffective, I want to just turn back the clock so I can file a petition. So I think you have to split the two. Do you agree with that? Fair enough, Your Honor. But the ultimate relief that he's seeking is essentially to ask the district court to order the BIA to reissue the decision, to issue the final order. It's clearly seeking to, in essence, vacate the prior removal order and reissue it. So it's related, if not a challenge to the removal order, we think it's certainly related to the removal order. Are you saying then that they can never claim ineffective assistance of counsel ever after the removal proceeding? Where would they challenge it? We're not claiming that, Your Honor. We're claiming well. Our brief is making a couple of different arguments. We are claiming in our brief, Your Honor, that there is no right to effective assistance of counsel under the Fifth Amendment. That's a different issue. That's an issue that we base on the Supreme Court's decision in Coleman. And we would just submit to the court that if, as opposing counsel has been arguing, that all of this occurs outside of removal proceedings, where is the right, the right to effective assistance of counsel under the Fifth Amendment? The Fifth Amendment. But haven't we – aren't we bound by our cases that suggest otherwise? Well, those cases don't – do not address the Coleman decision, Your Honor, and the Supreme Court decision. And we think it's clear, especially in this circumstance, where, as we've been discussing, the conduct, the alleged violative conduct of the Fifth Amendment occurred outside after the removal proceedings. Traditionally, the courts have found a due process right to ineffective assistance of counsel under the Fifth Amendment fundamentally fair hearing, which, again, we disagree with. We set that forth in our briefs, and we think the court should look at that issue again. But let me just come back to your question, Your Honor, about the government. Apart from that, then, if the court were to say that – were to disagree with us, and there still remains a Fifth Amendment right to effective assistance of counsel, we think given the intent of Congress as set forth through these provisions that we've been discussing, a clear intent after St. Cyr would be for this Court to, consistent with its case law that's already held, find that the Petitioner needs to go back to the board to present these claims to the board. Remember, we're not talking about the suspension clause requiring the best review. All that's required under the suspension clause analysis is an adequate avenue of review and an effective avenue of review. And we think that avenue is clearly allowing the agency to hear these claims first and then – Suppose we do. They say untimely. Untimely, too many petitions, et cetera. How do we review that when it comes back up to us? Well, as I've been saying, you can just look at the circuit precedent, that you've already been doing it. You've been applying the principle of equitable tolling to be able to find that motive in time. And equitable tolling on the basis of ineffective assistance of counsel. That's right. Thank you. What is your response to the argument? Go ahead. Can I just get a question in? There was some issue raised as to whether or not the current rules and regulations of the board would forbid the board from looking at these post-board action ineffective assistance of counsel claims. Could you clarify that for me? If your argument is to win, certainly we'd have to have the cooperation of the board to look at these issues. What is the current status of those rules as far as looking at an out-of-time ineffective assistance of counsel claim? Well, I think those rules, Your Honor, are what we've been discussing about the numerical bars. For example, a second motion to reopen, you can't file a second motion to reopen or you can't file a motion to reopen after 90 days. But what I'm saying is that in spite of that, and we see a clear illustration of that happening in this case, in spite of that, the board has the discretion to reach the merits, which they did against the petitioner. Under the rules. Exactly. Or the board could... Wait a minute. Come back a minute. Under the rules? They have the discretion to reach the merits. They don't have... Is it within their rules? Have they formed rules on those? No, they have not. Okay. So it's just a general power that they have. That's right. All right. Go ahead. What then, if they have the general power, what's your response to the argument that I think Mr. Gallant made that under 1252, I believe, we would not then have jurisdiction to review because it would be a discretionary decision? Again, Your Honor, I would point to all the cases of the circuit where, for example, the Ray case, the Sokap Gonzalez case, where there's been a denial of the motion to reopen, whether it's because the motion was untimely or numerically barred, and on petition for review, the Court has granted relief because they have applied the principle of equitable tolling. It would only be in the circumstances where we would argue where if the board chooses not to sua sponte reopen, I think that we would say that's inherently a discretionary determination. But even there, I think the question is... Wait, wait. Can you clarify what's the difference between that and what we've been talking about, just so I'm clear? Well... What is a sua sponte decision not to reopen? I guess if the Petitioner moved for sua sponte reopening, if it was out of time and the Petitioner moved for sua sponte reopening and the board failed or denied the motion, then in some circumstances that that would be unreviewable in this court. Okay. Well, that's, to me, maybe we're just using words in different ways, but I want to completely understand that because that's precisely what this person would have to do, is to file what you call a sua sponte motion. It would be out of time, et cetera. And if that's a sua sponte motion and under some circumstances we wouldn't have jurisdiction, then that's a major gap in the process. Yeah. I think for in these ineffective assistance of counsel cases, the Court clearly has taken review and looked at... But that doesn't really answer my question because maybe we shouldn't. I mean, I'm not sure if we have jurisdiction or not. So what I'm trying to understand is because we supposedly don't have this authority to review discretionary decisions, why isn't this one of those? Yeah. I think because, again, the Court has applied the principle of equitable tolling in these cases, and consistent with that precedent, the Court could reach the ineffective assistance claim. Would you give me this site to one case that says that, please? You don't have to do it immediately. You could do it later if you wish. Oh, I've sent in several sites, but Ravy Gonzales, 439F3, 582, where it applied the principle of equitable tolling. Under the same procedural context as this case? This was an ineffective assistance of counsel claim. It was not in a claim that occurred outside of proceeding after the BIA's decision, but it was a claim that was, I believe, out of time. The motion to reopen was out of time. So under the under that principle of equitable tolling, it took... Do we have one that falls in this situation where the individual's, is that Derringer where the individual can't file a petition for review because the lawyer didn't do it? It is Derringer. But, of course, Derringer was brought in a district court action up through the court of appeals. So as I understand, there's no case, but if I find, obviously, I will torture that, but I don't recall there being a case precisely on point for this factual circumstance. Thank you. Let me have a minute for rebuttal. Thank you, Your Honor. Just briefly, Coleman's a Sixth Amendment case. I don't think it controls here. Established law in this circuit since the past 14-plus years has been that assistance of counsel is a Fifth Amendment claim. Secondly, the construction that counsel would like to impose on B-9 subsection would necessarily, I think, result in creating the Real ID Act, a violation of the suspension clause, because then an alien in the position of Mr. Singh is not going to have any review whatsoever. Finally, and for the remedy, again, just to reiterate, and Mr. Gallant articulated it as well, the remedy is a remand to the district court, as I indicated earlier, with any further appropriate orders made upon a finding by the court, because I think it was improperly dismissed on jurisdictional issue. May I ask a question here? You indicated that we would have no jurisdiction after, if we went back for a motion to reopen, denied. Do you have a case that says that? The case that I'm thinking of, Your Honor, it's not on point because it's not, but it stands for the principle on the sua sponte. I think the controlling case is a Kenyan. It's 303 Fed Third 1153 that says no jurisdiction if it's a sua sponte decision because there's no final order for us to review, or the court to review, rather. Now, that stands for the principle. It's a different kind of procedural case. It doesn't involve a habeas action, but it stands for that basic principle. Thank you. Thank you. You may have a minute as well. Thank you, Your Honor. Just very quick points. One is I just want to make a practical point. When you file a motion to reopen, it's very difficult to get a stay. We get calls 10 times a week, people being deported while a motion to reopen is pending. So that's one very practical reason why I don't think it's a real solution. I think the government has mixed in their briefs cases, like you're pointing out, where there's been ineffective assistance in the agency versus the post order. I think they're very different. I think, you know, but at the end of the day, I just want to say this one point. If you were to say on petition for review from a motion to reopen, assuming the person is not deported, they could have a stay while the motion to reopen is pending, and you were going to review every case de novo that came up, no matter how, and I'm not sure you could do this, but no matter how the motion to reopen was decided, whether it was discretionary, whether they never ruled on it eventually, then, you know, we don't have any problem with that. But I think for all the reasons you've been pointing out, there are very serious practical problems and that it just can't be done that way. And I think that's what Dieringer was saying. And just to address the jurisdictional question where he said, well, in some sua sponte, we wouldn't have jurisdiction, but maybe in this we would, are there cases so we can find out if we would or we wouldn't? You know, I am not aware of cases sort of squarely making that point. I think there are some cases where there's a grab bag of ineffective assistance and I'm not sure what the board decided, so I'm not sure why this Court felt it could exercise jurisdiction, but it would all depend on why the board exercised jurisdiction. If the board were actually to say we're going to reach the merits of the ineffective assistance claim, even though it was post-order and it came up to you in a straight merits ruling and the alien was not deported during the motion to reopen proceeding, then you would be able to review that. But it would be, you know, it would be a hodgepodge of situations. Every two or three the board might not, maybe once a month they might review it. And I don't think ultimately the suspension clause can hinge on that, that that would not be adequate, that it would depend strictly on what the board decided to do. Because they certainly in a sua sponte motion can deny it as a discretionary matter. This Court would sometimes find a way to review it, sometimes not. But I think right now there's no general rule, and so you would have to be announcing a rule that the board needs to reach the merits of every IAC claim and then you could review it. Thank you. Thank you, Your Honor. I just want to thank all counsel for your argument. It's an interesting and complicated case, not made any easier by the legislation in Congress. Singh v. Gonzales is submitted.
judges: Wallace, D.W. Nelson, McKeown